**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **DAN E. MEADOR,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-06-108** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| | § | |
| **Respondent.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is Respondent's Motion to Dismiss (Dkt. No. 10). After reviewing the pleadings, the records, and the applicable law, Respondent's motion is granted and this action is dismissed.

**Background**

On December 31, 1992, pursuant to cause number 92-12-4870, Petitioner Dan E. Meador ("Meador") was indicted in Jackson County, Texas for the second degree felony offense of possession of cocaine. *Ex parte Meador*, No. WR-36,975-02 at 36, 55. After the conclusion of a jury trial in which he was found guilty, Meador was sentenced to sixteen years incarceration in the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID"). *Id.* at 55. Meador appealed his conviction and sentence, both of which were affirmed in an August 29, 1996 order from the Texas Thirteenth Court of Appeals. *Id.*; *Meador v. State*, 941 S.W.2d 156 (Tex. App.—Corpus Christi Aug. 29, 1996).

Meador then pursued relief via a state application for a writ of habeas corpus, which was eventually granted. *Ex parte Meador*, No. WR-36,975-02 at 55. Consequently, the state habeas court

struck down Meador's judgment of conviction. *Id.* Meador then returned to Jackson County to face further proceedings on the count contained in the 1992 indictment. *Id.*

In March of 1999, the Jackson County District Attorney granted Meador an informal deferred prosecution concerning the 1992 indictment. *Id.* The deferment was predicated upon the representation that the District Attorney would not prosecute the case so long as Meador stayed clear of legal trouble for the next five years. *Id.*

On December 31, 2002, Meador was arrested for possession of cocaine in a drug free zone. *Id.* Meador was indicted on this later drug offense on January 31, 2003, pursuant to cause number 03-1-6760. *Ex parte Meador*, No. WR-36,975-03 at 18.

Meador subsequently pleaded guilty to the counts contained in both the 1992 and 2003 indictments and, on April 14, 2003, was thereby sentenced to two, four-year terms of imprisonment in the TDCJ-ID. Dkt. No. 1 at 2; *Ex parte Meador*, No. WR-36,975-03 at 41; *Ex parte Meador*, No. WR-36,975-03 at 19. The sentences were to run concurrently. *Id.*

Meador timely filed a notice of appeal concerning his conviction in cause number 03-1-6760. *Ex parte Meador*, No. WR-36,975-03 at 22 (indicating the notice of appeal concerned only cause number 03-1-6760). After a determination that, pursuant to his plea bargain, Meador had waived his right to appeal, the Texas Thirteenth Court of Appeals dismissed Meador's appeal. *Ex parte Meador*, No. WR-36,975-03 at 25; *Meador v. State*, No. 13-03-286-CR, 2004 WL 2335125 (Tex. App.—Corpus Christi May 20, 2004). At no time after his April 14, 2003 sentence did Meador appeal or attempt to appeal his conviction in cause number 92-12-4870.

Meador did seek relief from his 2003 conviction in cause number 92-12-4870 by filing a state application for a writ of habeas corpus on August 7, 2005, which was denied without written order on November 2, 2005. *Ex parte Meador*, No. WR-36,975-02 at page after cover, 11.

At the time Meador filed his federal habeas petition—October 28, 2006—he was still subject to incarceration. Dkt. No. 1 at 9; *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's petition for habeas corpus is deemed filed on the date it is placed in the prison mail system).On December 31, 2006, Meador was released from custody by discharge without further obligation. Dkt. No. 10, Ex. A.

### Claims and Allegations

The Court understands Meador to assert the following:

1. His Due Process rights were violated by the delay associated with revoking his deferred prosecution and trying his earlier case in conjunction with his later case;

2. His right to a speedy trial was violated by the delay associated with revoking his deferred prosecution and trying his earlier case in conjunction with his later case;

3. His attorney rendered ineffective assistance of counsel; and

4. He was denied credit for the time he served in prison prior to his April 14, 2003 plea of guilty.

In response to these allegations, Respondent solely contends that because Meador is no longer "in custody" as that term is used in the context of § 2254 actions, the Court is deprived of jurisdiction to hear Meador's claims and his federal habeas petition should thus be dismissed as moot.

**Analysis**

**I.      Clarification of Proceedings Being Challenged**

As an initial matter, the Court notes that Respondent, in his Motion to Dismiss, asserts that Meador filed two state habeas petitions that are not pertinent to the instant case. Dkt. No. 10 at 2 n.1 (referring to *Ex parte Meador*, No. WR-36,975-01 and *Ex parte Meador*, No. WR-36,975-02). The Court, however, is less certain that Meador's second state habeas petition is not relevant to the case at hand. Meador's federal habeas petition presents dates, case numbers, and substantive arguments that parallel the state habeas proceeding styled *Ex parte Meador*, No. WR-36,975-02 rather than the state action styled *Ex parte Meador*, No. WR-36,975-03. The Court thus understands Meador's action to be predicated upon the arguments presented in *Ex parte Meador*, No. WR-36,975-02 (which challenge criminal cause number 92-12-4870, i.e., the count contained in the 1992 indictment), not *Ex parte Meador*, No. WR-36,975-03 (which challenge criminal cause number 03-1-6760, i.e., the count contained in the 2003 indictment).

**II.     "In Custody" Determination and Mootness**

Despite this confusion, Respondent is correct in pointing out that a petitioner's ability to file a petition for habeas relief is limited to circumstances in which he is "in custody." 28 U.S.C. § 2254(a); *Carafas v. Lavallee*, 391 U.S. 234, 238 (1968); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Contrary to Respondent's assertions, however, 28 U.S.C. § 2254(a) only requires "the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time [the] petition is filed.*" *Maleng*, 490 U.S. at 490-91 (emphasis added); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("The District Court's conclusion that Spencer's release from prison caused his petition to be moot because it no longer satisfied the 'in custody' requirement of the habeas statute

4

was in error. Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires."); *Zalawadia v. Ashcroft*, 371 F.3d 292, 297-98 (5th Cir. 2004) (the "in custody" determination underlying habeas jurisdiction is determined at the time a petition is filed). Here, because Meador was incarcerated at the time he filed his federal habeas petition, he has satisfied the "in custody" requirement and his subsequent discharge does not invalidate this Court's jurisdiction on such a basis. *Id.* The issue of whether Meador is "in custody" for purposes of federal habeas corpus review, however, is separate from the question of whether a case or controversy exists under Article III, § 2, of the United States Constitution. *See Port v. Heard*, 764 F.2d 423, 426 (5th Cir. 1985) (explaining that the "in custody" requirement is "analytically distinct" from the case-or-controversy requirement found in Article III).

Apart from the "in custody" requirement, to reach the merits of an action, the Court must be satisfied that the action presents a case or controversy as defined by Article III. At a minimum, this requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. Challenges to the validity of a conviction satisfy the case-or-controversy requirement because the incarceration or restrictions on parole constitute a concrete injury caused by the conviction and are redressable by the conviction's invalidation. *Id.*; *see also Carafas*, 391 U.S. at 237; *Sibron v. New York*, 392 U.S. 40, 55 (1968). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. If the motion is attacking the validity of the criminal conviction itself, courts have been willing to presume continuing collateral consequences, despite the fact they may be remote and unlikely to

5

occur. *Id.* at 7-8; *see also Carafas*, 391 U.S. at 237 (reasoning that a convicted felon's inability to vote in a state election or serve as a juror, among other collateral consequences, would prevent such a habeas challenge from being moot). Indeed, "[i]n the context of criminal conviction, the presumption of significant collateral consequences is likely to comport with reality." *Spencer*, 523 U.S. at 12. By contrast, challenges only to the administration of a sentence do not give rise to a presumption that collateral consequences exist for the purpose of creating an actionable case or controversy once a prisoner has been released. *Id.*; *see also Lane v. Williams*, 455 U.S. 624 (1982). A petitioner challenging only the sentence, and not the underlying conviction, must affirmatively allege and demonstrate collateral consequences. *Id.*

Applying these standards to the case at hand, Meador's release from custody and discharge without further obligation does not render his application for habeas relief moot in its entirety. Meador's first three grounds for relief appear to attack the validity of his underlying conviction. The Court, presuming the existence of collateral consequences,[1] could thus grant Meador relief on these grounds by expunging his conviction.[2] Because Meador has at least in part attacked the validity of his conviction, this action is not moot and the Court has jurisdiction to hear its merits.

Meador's fourth ground for relief, that he was denied credit for previous time served, is merely a challenge to the calculation and administration of his sentence. Meador has failed to demonstrate collateral consequences concerning the alleged miscalculation and application of his

---

[1] Examples of the potential collateral consequences of Meador's felony conviction include the inability to vote in state elections, TEX. ELEC. CODE ANN. § 11.002(4), hold public office, TEX. ELEC. CODE ANN. § 141.001(a)(4), serve as a juror, TEX. GOV'T CODE ANN. § 62.102, and gain employment in a wide variety of positions.

[2] Meador has specifically prayed for expungement of his criminal conviction. *See* Dkt. No. 2 at 9.

sentence and such an injury could not be redressed by a favorable judicial decision. The issue is thus appropriately dismissed as moot.

### III.    Statute of Limitations

While portions of Meador's federal habeas petition have not been rendered moot by his release, Meador's habeas petition fails for another reason. Meador filed his federal habeas petition on October 28, 2006. Dkt. No.1 at 9; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). His petition is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

7

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Following the revocation of Meador's deferred prosecution and his ensuing guilty plea to the count contained in the 1992 indictment, Meador was sentenced on April 14, 2003. As noted above, Meador did not appeal his conviction as it pertained to the 1992 charge. Applying the AEDPA's statute of limitations to the facts in this case thus reveals that Meador's time to file his federal habeas petition as to his conviction concerning the 1992 indictment began no later than May 15, 2003, one day after the expiration of the time for Meador to seek direct review of the revocation of his deferred prosecution, entrance of his guilty plea, and imposition of his resulting sentence. TEX. R. APP. P. 26.2(a)(1) (West 2003) (defendants must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court"). Meador therefore had until May 15, 2004 to file his federal petition.

Although Meador filed a state application for writ of habeas corpus on August 7, 2005, the statute of limitations concerning his federal habeas petition had already expired, rendering his petition to this Court untimely. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (an expired limitations period cannot be revived by filing a state habeas petition). Meador's habeas petition is therefore patently time-barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity. Meador neither asserts, nor can the Court otherwise identify, anything in his petition or the record that supports extending the applicable limitations period. Because Meador does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition shall be dismissed as time-barred.

8

**Certificate of Appealability**

Under 28 U.S.C. § 2253, Meador needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Meador makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Meador must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Meador has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

**Conclusion**

For the foregoing reasons, Respondent's Motion to Dismiss (Dkt. No. 10) is **GRANTED** and Meador's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED**.   The Court also **DENIES** Meador a Certificate of Appealability.

Signed on this 9th day of July, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE